IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                   |   |                        |
|-----------------------------------|---|------------------------|
| **AUSTIN FRANCIS JONES,**         | * |                        |
|                                   | * |                        |
| Plaintiff,                        | * |                        |
|                                   | * | Civ. No.: MJM-23-2524  |
| v.                                | * |                        |
|                                   | * |                        |
| **HARFORD COUNTY DETENTION**      | * |                        |
| **CENTER,** *et al.*,             | * |                        |
|                                   | * |                        |
| Defendants.                       | * |                        |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Self-represented plaintiff, Austin Francis Jones, filed suit pursuant to 42 U.S.C. § 1983 against the Harford County Detention Center ("HCDC") and Officer Robinson. ECF No. 1. Defendants have moved to dismiss the Complaint. ECF No. 11. Jones was advised that he could file an opposition to the Motion (ECF No. 12) but, to date, has not done so. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendants' Motion is granted.

**I.     Background**

Jones alleges that on September 5, 2023, at the Harford County District Courthouse, "Officer Robinson used excessive force on [him] while [Jones] was in shackles w[h]ich resulted in a cut that drew blood on [Jones's] left wrist and significant swelling." ECF No. 1 at 2. Photographs were taken. *Id*. Jones seeks compensatory damages and the firing of the Chief of Security at HCDC. *Id*. at 3.

## II.     Standard of Review

As noted, Defendants have moved to dismiss this case. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Upon review of a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But liberal construction does not mean that a court can "ignore an obvious failure to allege facts setting forth a plausible claim for relief." *Sheehan v. Saoud*, 650 F. App'x 143, 152 (4th Cir. 2016) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

## III.    ANALYSIS

A plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also Filarsky v. Delia*, 566 U.S. 377 (2012).

2

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982)).

A.  HCDC

Defendants argue that HCDC is not an entity capable of being sued. ECF 11-1 at 3-4. This Court agrees. *See* 42 U.S.C. § 1983;[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"); 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that

---

[1] Section 1983 states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis added).

3

Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and HCDC is not a person within the meaning of the statute. Jones's complaint against HCDC is dismissed.

    B.  *Officer Robinson*

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson*, 551 U.S. at 94. In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Twombly*, 550 U.S. at 555-56). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller*, 901 F.2d at 391. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Liberally construing Jones's complaint, he alleges that he was subjected to excessive force by Officer Robinson. However, Jones fails to plead facts to support his excessive force claim. The Complaint does not state a federal claim that may proceed as to Officer Robinson.

At the time of the events in question, Jones was a pretrial detainee at HCDC. Accordingly, his excessive force claim is analyzed under the Fourteenth Amendment of the U.S. Constitution. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001).

To prevail on a claim that Robinson used excessive force against him in violation of the Fourteenth Amendment, Jones must show that "the use of force is deliberate—*i.e.*, purposeful or knowing"—and "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *see also Dilworth v. Adams,* 841 F.3d 246, 255 (4th Cir. 2016).  Objective reasonableness "turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The court must "make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 397.

Whether force used by officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).  The court must consider the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by the officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *see also Kingsley*, 576 U.S. at 397.  The absence of significant injury alone is not dispositive of a claim of excessive force, however. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

Here, Jones has not provided any details regarding the use of force.  He does not provide any of the facts or circumstances surrounding the use of force, the need for the use of force, any effort to temper the force applied, or the relationship between the need for force and the amount applied.  The fact that Jones was subjected to a use of force is not per se unconstitutional, and Jones has not provided sufficient information to suggest that the use of force was unconstitutional in this case.  Because the sparse details Jones provides "do not permit the court to infer more than

5

the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that [Jones] is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (first alteration in original).  As such, this claim must be dismissed.

### IV.   Conclusion

By separate Order that follows, the Motion to Dismiss filed by Defendants HCDC and Officer Robinson will be granted and the Complaint dismissed for failure to state a claim.


__4/21/25____                              _____/S/_____
Date                                       Matthew J. Maddox
                                           United States District Judge